## JOHN SIMPSON v. JOHN SMITH.

High Court of Errors and Appeals.    June 12, 1817.

*Ridgely's Notebook I, 15.*

*Bayard* and *McLane* for the plaintiffs. *Rodney* and *Vandyke* for defendant.

A bill of exception was taken, which, after reciting the evidence, thus states the charge of the Court to the jury:

> And the said defendants by their counsel, then and there contended before the Court aforesaid that the action aforesaid upon the evidence aforesaid could not be maintained, and desired the justices of the said Court to inform the jurors aforesaid and to declare to them the law of and upon the premises; whereupon the said Court did affirm and say to the jurors aforesaid that there was some difference of opinion between the members of the said Court; that the principal point is whether the defendant aforesaid can be a trespasser in any event. One member of the Court is of

opinion that he cannot be a trespasser whether the goods were found or not, unless there was an actual breaking; that the other member of the Court is of opinion that the defendant is to be considered as a trespasser if the search was made under the coercion of the warrant, without the voluntary assent of the plaintiff's uncle.

([NOTE.] Richard Cooper, then being one of the Justices of the Supreme Court, informed me that Chief Justice Johns was of the opinion that Smith could not be a trespasser unless there was an actual breaking; and that he was of a contrary opinion.)

The jury found a verdict for the defendant upon which Simpson, the plaintiff below, brought this writ of error.

Richard Molan, the constable who executed the search warrant, was sworn as a witness and stated, that they (Smith, the constable, and his assistant) would not proceed until the uncle of the plaintiff in error was sent for (the plaintiff being from home), who came, and then they searched the whole house and the uncle himself turned over the beds. There were several apprentices in the shop, and his wife was at home. They searched the cellar and every room in the house, but did not find any goods. Does not remember whether Simpson (plaintiff) came home or not while they were searching. No rudeness. Proceeded according to law in executing the warrant.

John Simpson, a witness, proved he was sent for by his nephew's wife, went, Molan, Smith, defendant, and two young men there. Went with them through the house. They searched every hole, required every locked place to be opened. I demanded the warrant before I went with them through the house, and then went from respect to the authority under its coercion, and to prevent damage. Simpson's wife at home and much distressed, but did not go with us.

Errors assigned January 2, 1816:

1. That the Court gave it as their opinion that said John Smith could not be a trespasser if he made search under the coercion of the warrant and with the voluntary assent of the plaintiff's uncle, whereas they should have declared him a trespasser by entering the house and searching for the goods, if no goods were found.

2. That the said judges did deliver any positive opinion of the Court to the jury aforesaid upon the issue joined in the said cause.

3. That there was error in the opinion entertained and expressed by the judges aforesaid respectively, inasmuch as each was contrary to law.

4. There is error in this, to wit, that the Court should then and there have directed the said jury to inquire if there was probable cause for issuing the warrant aforesaid, and, if there were not, that the said John Smith was a trespasser.

5. That no probable cause being shown to the said justices, the warrant issued illegally on that account, and the said John Smith was therefore a trespasser.

This cause came on to be heard before RIDGELY, CHANCELLOR, BOOTH, Chief Justice, and WARNER, Justice of the Court of Common Pleas, and COOPER and DAVIS, Justices of the Supreme Court, they the said Justices of the Supreme Court not having been present when the cause was heard, and judgment rendered in the Supreme Court. JOHNS, Chief Justice and RICHARD COOPER were the Justices who heard the cause.

June 12, 1817. Case argued by *McLane.*

*McLane* for plaintiff in error. This a single question, whether action of trespass *vi et armis* or action on case where house has been searched on a warrant of justice of peace, and no goods being found, and the defendant (not an officer), being a party who obtained and prosecuted the warrant, having entered the house. Trespass *vi et armis* the proper remedy. The officer protected by the warrant but the party who voluntarily makes the oath, and enters, and searches, and no goods being found, is a trespasser. His entry not lawful; it was voluntary, the information before justice and entering house being his own act. No goods being found, he is a trespasser.

Here *Mr. Vandyke* insisted that *Mr. McLane* should read the record, and not merely submit his statement of the point on question.

*McLane* reads the record. And then proceeded and cited 3 Hawk P.C. 180, note b, book 2, ch. 13 s. 17 note. The note is cited. If no goods are found on a search warrant, the party is a trespasser. (See 2 Wils. 291, 292.) 2 Hale P.C. 113, 151, that if no goods are found on search warrant, trespass will lie against person who prosecuted or sued out the warrant. 3 Bos. & P. 222, *Ratcliff v. Burton.* Party is trespasser if no goods found. The officer is justified. Whether the action lies depends on the finding goods or not, as to the party on whose suggestion writ issued.

*Vandyke* for defendant in error, and defendant below. This doctrine, if sanctioned by court, will produce great inconvenience. It is attempted to be established in the State of Delaware that party will be liable to an action of trespass *vi et armis* if stolen goods are not found on the search, no matter how strong the

suspicion, or even if the stolen goods had been seen in the house, but could not be found. Do not believe that the cases warrant the rule of law in England as contended for there, but in Delaware every citizen has a right to a search warrant under certain restrictions and therefore not liable when exercising his right. Extraordinary, if no excess in executing warrant, that party should be adjudged a trespasser *ab initio*. Constitution, Art. 1, s. 6, search not to issue without probable cause supported by oath or affirmation. When the circumstances occur, party has right to warrant. Justice's duty to issue it. Admitted officer is justified. So the person is who goes to show the goods. In Delaware a man's liability does not depend on finding the goods. We do not believe this is the rule of law in England. 3 Esp. 135, *Cooper et al. v. Bost,* 25 Geo. III. (See 1 Term 535.) An officer having ground of suspicion as to smuggling goods, and having obtained a warrant from Commissioners of Custom, and no goods found. The excise officer not guilty of a trespass either as procuring or executing the warrant, no goods being found. If he had procured or executed it maliciously he would have been liable to an action on case. The case depends on 10 Geo. I, c. 10, s. 13. Duty imposed on the officer and on the Commissioner. Solecism to say that regular execution of a legal warrant can be a trespass though a bad motion in obtaining writ may make him liable. The Act, 10 Geo. I, c. 10, made for the good of the public.

*Rodney* for defendant in error. Considerable evidence to justify the suspicion of the party. The discovered leather believed to be piece of calf-skin stolen from Smith's shop. If party was admitted by express or implied consent of party, no action will lie. *Volenti non fit injuria. Consensus tollit errorem.* If jury believed there was an express or implied assent to search, act lawful. This is a fact for the jury; if they could imply an assent, party not liable. Here no breaking doors. Business mildly conducted. Then is party a trespasser *ab initio,* the warrant being regular, party having gone only to show the property, or prove, if found. Case in Bos. & P. is case of civil process relating to officer. Officer having entered house on civil process, and having entered the house, had no right to break the inner doors without first asking that the doors be opened. In 3 Esp. 135, the officer is a party in the case. Our Constitution furnishes the private individual with a writ for his proceedings. It is equal to the British statute.

*McLane* in reply. Facts not before the Court. We are here on sheer point of law whether an entry under the authority of writ and no goods found, an action of trespass will lie. As to consent, none given by wife or uncle. They acted or submitted to the au-

thority of the warrant. The assent of plaintiff's uncle could not justify the act of defendant. He could not justify an illegal act. The uncle was examined as a witness. We sued for breaking and entering. Party a trespasser unless he justifies under some circumstance or authority. The writ no authority if no goods found. Lord Camden is express that the party is liable. He is not protected by duty, nor justified by writ. Warrant is directed to constable, not to Smith. In 3 Wils. 434, the officer acting under 10 Geo. I, c. 10, is treated as party by DeGrey, and is treated as a trespasser. In 3 Esp. 135, Lord Mansfield treats the officer as officer, and therefore that he is protected by warrant. Customhouse officers act as bailiffs to guard and secure the revenue. They are bound by their oath and the Act makes it expressly his duty to proceed. They make the oath of suspicion, and search too. They act as officers. Here party does not act as duty. It is his own act. Decision in Espinasse has not affected the general principle that party acts at his peril. Constitution not imperative on party to make oath. Excise officer bound. Constitution meant to protect the rights of individuals. It is a mandate to the justice. It prescribes no form or mode to the party; to the magistrate it is a direction to protect the individual.[2]

CHANCELLOR RIDGELY. This case will be decided by settling the question whether Smith was a trespasser, no goods being found in the house of Simpson on the execution of the warrant. If Smith was a trespasser, then the directions given to the jury were wrong, for in that event no actual breaking was necessary to constitute him a trespasser; neither will any assent to the search being made excuse him, because Simpson was bound to submit to the warrant. As this case appears, the assent of Simpson himself would not avail Smith, because it would have been an assent to an act to which he was obliged to yield, and which he could not and ought not to resist, and consequently the assent of the uncle can have no effect.

The case turns on the innocence of Simpson. It is no excuse to Smith that he entered with the officer executing the warrant. The warrant protected the officer, but not Smith. The officer was bound to execute it. His duty compelled him so to do. In Smith it was voluntary. He was under no obligation to charge Simpson, unless he had been really guilty; and although circumstances might have been very strong, and might, in the mind of Smith, have amounted to full proof of Simpson's guilt, yet Smith was the actor, the voluntary actor, guided by his own judgment,

[2] At this point, *Ridgely's Notebook I, 19*, the account of this case is interrupted; it is resumed at *35*.

Simpson was passive, obliged to submit; and it is far better that the innocent man should be protected who merely yields to the law, than that the first mover, however unintentional of mischief, should be at liberty to disturb the repose of families, create trouble, confusion and distress, and expose to suspicion the plaintiff's character without cause. There may be some hardship on both sides; but, even if that consideration could enter into the question, it is less on the part of the defendant than plaintiff.

The case of the excise officer, *Bostock v. Saunders et al.,* 3 Wils. 434, 2 Bl.R. 912, has been overruled by the Court of King's Bench in *Cooper et al. v. Booth,* 3 Esp. 135 (cited [1] Term 535). This last case was decided entirely on the Act, 10 Geo. I, c. 13, and is clearly distinguishable from the present case. First, by that Act a duty is imposed on an excise officer who has grounds of suspicion to lay such grounds on oath before the Commissioner of Excise. And secondly, to avoid the warrant in respect of the excise officer on the event of not finding the goods searched for, and to consider him, the officer, a trespasser by relation would repeal the Act of Parliament. These are some of Lord Mansfield's reasons for deciding in favor of the officer, but the whole case is grounded on the Act of Parliament; and as that, in the opinion of the court, justified or excused the officer, it is not a case similar to the one before us.

According to 2 Hale P.C. 150, the officer is excused, but the party who makes the suggestion is answerable if no goods be found, and in 2 Wils. 290, 291, it was resolved that if on a search-warrant no goods are found, the informer is a trespasser. No case has been produced, and I know of none, which excuses the person procuring the warrant. Certainly the case of excise officers depends on very different principles.

The Constitution, Art. 1, s. 6, was made to protect the rights of individuals, and to secure them from searches and seizures, except under the restrictions therein prescribed. It never was designed to enlarge the means of access, nor to excuse a person searching, if the party searched were innocent. It is a mandate to the justice; he is bound to comply with its injunctions; and perhaps I should not go too far to say that a warrant differing from the form and without the prerequisites of the Constitution would be void, and that the justice, constable and informer would all be liable in an action of trespass. However, this is not before the Court and not necessary now to be decided. It is enough to say that the Constitution has no application to the case under consideration.

Judgment reversed, BOOTH, C. J., WARNER and DAVIS, J.J., concurring; COOPER, J., *contra.*